OPINION
Defendant-appellant, William D. Keen, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator. On October 22, 1999, the Franklin County Grand Jury indicted appellant on one count of gross sexual imposition, a third-degree felony in violation of R.C. 2907.05, one count of gross sexual imposition with a sexually violent predator specification, a third-degree felony in violation of R.C. 2907.05, and three counts of rape with sexually violent predator specifications, first-degree felonies in violation of R.C. 2907.02.
On May 16, 2000, appellant pled guilty to a stipulated lesser included offense of count one, specifically gross sexual imposition as a fourth-degree felony. The plea was entered pursuant to North Carolinav. Alford (1970), 400 U.S. 25, 37, which holds that a trial court may accept a guilty plea that is knowingly, voluntarily and intelligently entered by a defendant who continues to deny guilt but, nonetheless, enters the plea to avoid the possibility of being convicted after a trial and receiving a greater penalty. The trial court accepted appellant's plea and sentenced him accordingly.
Thereafter, the trial court held a sexual predator hearing. Plaintiff-appellee, the state of Ohio, proffered the following facts. During the months leading to October 12, 1999, appellant lived with his sister and her two children. On that date, appellant's sister allowed him to put the children to bed. After about fifteen minutes, appellant's sister found appellant kneeling beside her three-year-old daughter, Lisa, while she was in bed. According to appellee, Lisa's mother indicated that Lisa appeared scared; as well, Lisa's mother noticed that her daughter's pajamas were unzipped from her neck to her foot. Lisa told her mother that appellant had unzipped her pajamas and had put his hand on her vagina. Lisa later repeated this story to the police, adding that appellant had touched her three times and had inserted his finger into her vagina. She also complained of vaginal pain. Subsequently, Lisa was examined at a local hospital. Lisa talked to a social worker at the hospital about being sexually abused by appellant; as well, an attending physician noticed vaginal redness. Finally, appellee told the trial court that appellant was previously convicted of burglary, domestic violence and resisting arrest.
The trial court accepted appellee's proffer of facts and found appellant to be a sexual predator. According to the trial court, its determination is "based solely on the fact that this is an offense in which the victim is a child."
Appellant appeals, raising the following assignment of error:
 THE EVIDENCE BEFORE THE COURT WAS LEGALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT WAS A SEXUAL PREDATOR, SUBJECT TO THE LIFETIME REGISTRATION AND COMMUNITY NOTIFICATION PROVISIONS OF CHAPTER 2950 OF THE OHIO REVISED CODE.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). The issue in a sexual predator hearing is whether the state has proved by clear and convincing evidence that the defendant is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3);State v. Cook (1998), 83 Ohio St.3d 404, 408. Clear and convincing evidence is evidence that provides the trier of fact with a firm belief of the facts sought to be established. Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122. R.C. 2950.09(B)(2) requires the trial court to take into consideration "all relevant factors" in making a sexual predator determination, including various factors enumerated in the statute.
In his single assignment of error, appellant asserts that the trial court erred in finding him to be a sexual predator because the evidence fails to establish that he is likely to commit future sexually oriented offenses. We disagree.
As noted above, the trial court stated that it found appellant to be a sexual predator "solely on the fact that this is an offense in which the victim is a child." In challenging the trial court's finding, appellant advances our previous decision in State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported, where we concluded that a sexual predator determination based on the sole act of sexual misconduct was against the manifest weight of the evidence. However, Baughman has been distinguished on numerous occasions on the basis that it is "appropriate only where the facts indicate that the sole known act of sexual misconduct was the act for which defendant had been convicted and that fact, alone, without any of the other relevant" R.C. 2950.09(B)(2) factors was the basis for the sexual predator determination. State v.Clary (Oct. 12, 2000), Franklin App. No. 99AP-1465, unreported.
In this case, as noted below, the circumstances of appellant's underlying offense and his criminal record invoke factors under R.C.2950.09(B)(2) and support the trial court's finding that appellant is a sexual predator. Appellant was thirty-four years old when he sexually abused his three-year-old niece. Appellant sexually abusing such a young victim is a factor supporting a sexual predator finding. R.C.2950.09(B)(2)(a) and (c). The sexual abuse of young children is widely viewed as one of the most reprehensible crimes in our society. State v.Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. "Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." Id.
Similarly, we have repeatedly recognized that, when a defendant violates "deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children," the trial court could properly conclude that the offender's "compulsion to commit these kinds of sexual offenses was deeply ingrained" and that he or she is likely to re-offend. State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12, unreported; State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP- 223, unreported; State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported.
As well, the trial court acknowledged that appellant had a history of criminal offenses. Appellant's criminal record is another factor in support of the sexual predator finding. R.C. 2950.09(B)(2)(b); State v.Scott (Sept. 29, 2000), Franklin App. No. 00AP-260, unreported; State v.Woodard (Dec. 7, 1999), Franklin App. No. 99AP-280, unreported.
Accordingly, based on the above factors, we conclude that there is sufficient evidence establishing appellant to be a sexual predator. As such, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
LAZARUS and DESHLER, JJ., concur.